**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMIR ELIAS FASHHO, | No. 06-71042 |
| Petitioner, | Agency No. A029-891-384 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2010[**]
San Francisco, California

Before: RYMER and McKEOWN, Circuit Judges, and FAWSETT, Senior District
Judge.[***]

Samir Fashho, a stateless individual, petitions for review of a final order of

the Board of Immigration Appeals (BIA), adopting and affirming the decision by

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Patricia C. Fawsett, Senior United States District
Judge for the Middle District of Florida, sitting by designation.

an immigration judge (IJ), which denied his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and deny the petition.

"To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it. . . ." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). Fashho's evidence of past persecution for being a Palestinian and a Christian amounts to harassment and discrimination, but not the higher standard of persecution. *See Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir. 2000) (holding that detention and questioning by Israeli police for short periods of time, without being jailed, handcuffed, beaten, or threatened with injury, "falls far short of the required showing needed to compel a finding of persecution"). The IJ was not compelled to find this constituted past persecution, and because Fashho did not prove past persecution, no presumption of a well-founded fear of future persecution arises. *See Prasad v. INS*, 101 F.3d 614, 617 (9th Cir. 1996).

General concerns about the conditions in Gaza and the isolated incidents involving his family are not sufficient to compel a conclusion that Fashho's fear of future persecution is objectively reasonable. His mother and two brothers – who are both Palestinian Christians – have continued to live in the Gaza strip for the last twenty years, and attend church, without incident. This undermines any claim of objectively reasonable fear. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001)

(holding that "[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident") (superseded by statute on other grounds).

To the extent Fashho suggests that he warrants humanitarian relief, 8 C.F.R. § 1208.13(b)(1)(iii), or asylum under *Matter of Chen*, 20 I. & N. Dec. 16 (BIA 1989), we disagree. Having failed to show harm, he cannot show the level of atrocious harm contemplated by *Chen* and the regulations. *Id.* at 21.

Because Fashho "was unable to meet his burden to demonstrate that he is eligible for asylum[,] he necessarily fails to satisfy the more stringent standard for withholding of removal." *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004). His CAT claim fails as well, for nothing in the record compels the conclusion that Fashho would be singled out by either the Israeli government or the Palestinian authority and subjected to torture if he were returned.

PETITION FOR REVIEW DENIED.